UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAUDIA STEVENS,

    Plaintiff,

v.                                           Case No: 8:23-cv-1552-CEH-CPT

WALMART INC.,

    Defendant.
_____/

## ORDER

    This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 11), filed on August 15, 2023. In the motion, Plaintiff requests the Court remand this action to state court because Defendant's Notice of Removal was untimely, and jurisdiction is lacking because the amount in controversy does not exceed the jurisdictional amount. Plaintiff also seeks fees and costs incurred due to the removal. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Motion to Remand and remand this action to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County due to lack of subject-matter jurisdiction. The Court declines to award fees and costs.

**I.  BACKGROUND**

    On March 17, 2023, Plaintiff, Claudia Stevens, ("Plaintiff") filed a single-count Complaint in state court for premises liability against Defendant, Walmart, Inc., arising out of a slip and fall that occurred in a Pinellas County Walmart Supercenter.

Doc. 1-1. On July 12, 2023, Walmart, Inc. removed the case to federal court under 28 U.S.C. § 1332 predicated on the Court's diversity jurisdiction. Doc. 1. Thereafter, Walmart, Inc. moved to dismiss the Complaint because the entity named as Defendant was not the owner of the Walmart Supercenter where Plaintiff fell. Doc. 9. Plaintiff filed an Amended Complaint on August 15, 2023, naming as Defendant Wal-Mart Stores East, LP. ("Walmart" or "Defendant"), which is the owner of the subject store. Doc. 13.

On October 28, 2022, Plaintiff, who is a resident of St. Petersburg, Florida, was a business invitee at the Walmart Supercenter located at 8001 U.S. Highway 19 in Pinellas County, Florida. *Id.* ¶¶ 2, 8. At that time, Plaintiff slipped and fell on a foreign liquid substance on the floor near the cash register. *Id.* ¶ 9. Walmart is alleged to have breached its duty of care to Plaintiff by failing to exercise reasonable care in the inspection, maintenance and repair of the area where Plaintiff fell, resulting in a dangerous condition, and in failing to warn Plaintiff of such dangerous condition. *Id.* ¶ 11. Walmart had actual or constructive knowledge of the liquid on the floor. *Id.* ¶ 12. As a result of Walmart's negligence, Plaintiff sustained injuries. *Id.* ¶ 13. Plaintiff alleges her damages exceed fifty thousand dollars. *Id.* at 3.

Plaintiff moves to remand the case to state court because Walmart's removal was untimely and because Walmart fails to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, for purposes of invoking the Court's diversity jurisdiction. Plaintiff seeks fees and costs incurred as a result of the removal. Doc. 11.

## II. LEGAL STANDARD

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which the action pends, as long as the district court has jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Removal statutes are construed narrowly against removal. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "The burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999).

When a plaintiff's state-court complaint offers an unspecified demand for damages, a removing defendant must prove, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Roe v. Michelin N. Am., Inc.* 613 F.3d 1058, 1061 (11th Cir. 2010).

## III. DISCUSSION

### A. Untimeliness

Plaintiff argues that the action should be remanded because removal was untimely. Pursuant to 28 U.S.C. § 1446(b)(1), the removing defendant must file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the

case stated by the initial pleading is not removable," then the removing defendant may file its notice of removal within 30 days of its receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

Plaintiff submits that the Notice of Removal was untimely because it was filed 37 days after service of process and 153 days after Defendant was first put on notice of the information it relies on to support its allegations that the amount in controversy has been satisfied. Doc. 11 ¶ 7. Plaintiff argues that when Defendant received the February 2023 demand letter it had the same knowledge about Plaintiff's damages upon which it now relies for removal. Thus, Plaintiff contends that, at the latest, the 30-day period began to run when the suit was served, and since more than 30 days have passed, removal was improper under 28 U.S.C. § 1446(b)(3).

Walmart responds that Plaintiff's motion was also untimely, and therefore Plaintiff waived any procedural defects with the Notice of Removal. Further, Walmart contends that the demand letter received June 12, 2023, is the date that triggered the 30-day period and therefore its July 12, 2023, removal was timely. Doc. 18.

Under 28 U.S.C. § 1446(b)(3), when a "case stated by the initial pleading is not removable," the removing defendant may then file its notice of removal within 30 days of its receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). "Although the Eleventh Circuit has not yet

4

decided the issue, '[e]very court of appeals that has addressed whether a court may consider a defendant's pre-litigation knowledge . . . to decide triggering of the 30-day removal period has held no.'" *Tesorero v. Indep. Specialty Ins. Co.*, No. 6:23-CV-1194-PGB-LHP, 2023 WL 5217177, at *2 (M.D. Fla. Aug. 15, 2023) (quoting *Sullivan v. Nat'l Gen. Ins. Online, Inc.*, No. 3:17-cv-1387-TJC-PBD, 2018 WL 3650115, at *6 (M.D. Fla. Apr. 17, 2018) (collecting cases)). In *Tesorero*, the court observed that district courts throughout the Eleventh Circuit have shared the same sentiment. *Tesorero*, 2023 WL 5217177, at *2 (citing *Farrey's Wholesale Hardware Co. v. Zurich Am. Ins. Co.*, No. 16-23956-CIV, 2016 WL 7437939, at *1 (S.D. Fla. Dec. 27, 2016); *MIR Convenience Store, Inc. v. Century Sur. Co.*, No. 14-60425-CIV, 2014 WL 2118878, at *2 (S.D. Fla. May 21, 2014) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992)) (noting that the Fifth Circuit explained "[b]y its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading"); *Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 6:09-cv-1711-GAP-DAB, 2009 WL 4855700, at *1 (M.D. Fla. Dec. 10, 2009); *Thompson v. Columbia Sussex Corp.*, No. 2:16-cv-435-JES-CM, 2016 WL 6134868, at *1–2 (M.D. Fla. Oct. 21, 2016) ("What [d]efendant knew or should have known prior to receiving the Complaint is irrelevant in determining whether removal was timely ....")).

Applying the same analysis here, the June 12, 2023, demand letter was the first "other paper" received by Defendant, after being served with the Complaint, that

5

would have indicated the amount in controversy may satisfy the jurisdictional amount for purposes of removal to federal court. Defendant's Notice of Removal filed thirty days later on July 12, 2023, was therefore timely.

Even if Defendant's removal was untimely, however, because Plaintiff's motion for remand was untimely, Plaintiff waived her right to complain about any procedural defects in the Notice of Removal. Under § 1447, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The Notice of Removal was filed July 12, 2023. Doc. 1. Plaintiff's motion to remand was filed August 15, 2023, which was more than thirty days from the Notice of Removal. Thus, any defect other than lack of subject matter jurisdiction has been waived. Plaintiff's motion for remand based on untimeliness is without merit.

### B. Lack of Subject-Matter Jurisdiction: Amount in Controversy

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "Federal courts are courts of limited jurisdiction." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). And "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)-(3). For

diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship."). 28 U.S.C. § 1441(a) permits a defendant to remove, as a general matter, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ...." "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001). There is no dispute that the parties are diverse in citizenship.

Plaintiff contends remand is warranted because Walmart fails to carry its burden of satisfying that the amount in controversy has been satisfied for purposes of section 1332(a). "The sufficiency of the amount in controversy is determined at the time of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Lack of subject matter jurisdiction requires remand to the state court under 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12 (h)(3). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

Where the jurisdictional amount is not facially apparent, as is the case here, the Court must look to the notice of removal and relevant evidence at the time of removal. *Williams*, 269 F.3d at 1319. In its Notice of Removal, Defendant submits the amount in controversy is satisfied because the medical bills and lost wages itemized in Plaintiff's demand letter of June 12, 2023, exceed $75,000. Doc. 1 at 9. In her motion to remand, Plaintiff states that the amount of past medical bills were not accurate or well defined because the Plaintiff did not have the healthcare lien from Simply Healthcare, Plaintiff's health insurance carrier. She attaches the lien to her motion and argues that it is apparent that the bills outlined in the demand have been paid at reduced rates. Plaintiff estimates that the outstanding medical balances are under $30,000 with the Simply Healthcare lien equal to less than $3,000. Given her medical bills coupled with approximately $5,000 in lost wages, Plaintiff argues the amount in controversy falls far short of the $75,000 jurisdictional threshold for federal court.

Additionally, Plaintiff points to the fact that the Waypoint Orthopedic bill of $132,550 was marked as "estimate" in the demand letter which Plaintiff states shows that she had not yet incurred that bill. Indeed, courts in this Circuit have recognized that "settlement demands often reflect puffing and posturing; thus, courts may accord them little weight." *Reyes v. Stockhill*, 568 F. Supp. 3d 1288, 1293 (M.D. Fla. 2021) (citing *Kilmer v. Stryker, Corp.*, No. 5:14-cv-456-MMH-PRL, 2014 WL 5454385, at *4 (M.D. Fla. Oct. 27, 2014)). While specific information regarding a plaintiff's medical expenses may be relevant evidence, Plaintiff here concedes the damages referenced in the demand letter were significantly overstated.

8

As the removing defendant, Walmart bears the burden of proving federal jurisdiction exists. *See Univ. of S. Ala.*, 168 F.3d at 411–412 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."). The removing defendant must present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080 (2008). Walmart fails to do so. The medical bills attached to the Notice of Removal amount to less than $10,000 (Doc. 1-8), and Walmart fails to proffer any other evidence for the Court's consideration other than the exaggerated demand. Thus, Walmart fails to carry its burden, and remand is warranted.

C.   **Fees and Costs**

Plaintiff seeks attorney's fees and costs associated with the improvident removal. Under 28 U.S.C. § 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Pursuant to § 1447(c), a court may award fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). District courts retain discretion to make this determination. *Id.* The purpose of the reasonableness standard is to balance "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Bauknight v. Monroe Cty.*, 446 F.3d 1327, 1329

(11th Cir. 2006) (quoting *Martin*, 546 U.S. at 140). Although some of the bills were only estimates and set offs for others were unaccounted for, given the demand letter's representation of the amount of "bill[s] to date," Defendant had an objectively reasonable basis to anticipate the amount in controversy may be satisfied for purposes of federal diversity jurisdiction. Thus, Plaintiff's request for attorneys' fees and costs will be denied. Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 11) is **GRANTED**.

2. Plaintiff's request for attorneys' fees and costs under 28 U.S.C. § 1447(c) is **DENIED**.

3. This action is **REMANDED** to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

4. The Clerk is directed to send a certified copy of this Order to the Clerk of Court for the Sixth Judicial Circuit in and for Pinellas County, Florida.

5. The Clerk is further directed to terminate any pending motions and deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on October 12, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any